Good morning, Illinois Appellate Court, 1st District, 4th Division. Court is now in session. The Honorable Robert E. Gordon presiding, case number 17-1894, People v. Alfred Lewis. Good morning to all. Would the lawyers who are going to argue the case please introduce themselves to the court? Rebecca Levy from the Office of the State Appellate Defender, arguing on behalf of defendant appellate, Alfred Lewis. Good morning, Your Honors. Paul Wosicki of the Cook County State's Attorney's Office, Assistant State's Attorney, on behalf of the people of the state of Illinois. Okay, the appellant, how much time do you want to reserve for rebuttal? Just a couple minutes at most. Okay, well let's proceed. Good morning, Your Honors. The issue presented in this case is very narrow. As charged in this case, burglary requires the state to prove that Lewis entered the garage with the intent to commit a felony, and the state specifically alleged in the indictment that that felony was a violation of a protection order. The offense of violating a protection order is generally a Class A misdemeanor. For the purposes of this case, it's only a case where Lewis had previously been convicted of violating an order of protection. So in order to prove him guilty, the state had to prove that he entered the garage with the intent to commit a felony violation of an order of protection, and that he previously had violated it, that he had been found guilty of violating an order of protection. And the state doesn't dispute in its brief that that's what it was required to prove. The state also doesn't really dispute that it presented no evidence to trial showing that Lewis previously had been convicted of, or that Lewis had been convicted of violating order of protection prior to August 4th, 2016, which was the date of the alleged offense in this case. Instead, the state argues that it reasonably could be inferred that prior to the existence of the plenary order of protection that's the subject of this case, there existed a temporary order of protection, and Lewis pleaded guilty to that temporary order of protection. And we agree that a temporary order of protection did exist prior to the plenary order of protection, but we dispute that it can be inferred that he pleaded guilty to that. Lewis's vague, underdeveloped testimony at trial that he pleaded guilty to a violation was insufficient to establish that he previously had actually been convicted of violating an order of protection. He didn't state what type of violation he pleaded guilty to, and then again, the PSI at sentencing doesn't show that he ever had a prior conviction for violating an order of protection. And certainly reasonable inferences from evidence or from the evidence presented at trial are allowable, but that Lewis had previously been convicted of violating an order of protection is not a reasonable inference in this case. It was a fatally weak, insufficient inference. Generally, we don't rely on the testimony of lay witnesses to establish judicial facts, such as a prior conviction. Rather, usually the parties would either stipulate to it, or the state introduces into evidence a certified copy of the conviction, and neither happened in this case. The court justly found that Lewis previously had violated an order of protection. And really, the state is just asking this court to uphold his class four, I mean, class two burglary conviction based on just mere speculation. So for that reason, we're asking this court to reverse his burglary conviction and introduce his conviction for a unit. Does anybody have any questions? I do. I'm misleading. So his admission during testimony that he had pled guilty to the violation is not sufficient. Let me ask you, is there anything short of a certified copy of conviction that would have been sufficient to Well, the parties could have stipulated which they didn't, but I think I'm not sure. I know that like in situations where at sentencing, the prosecutor who prosecuted the case, the prior conviction sometimes testifies, and maybe that would have been sufficient in this case. But I guess not really any reason to do that. It's so easy to print out a copy, a certified copy of conviction and just introduce it in evidence. It seems like it was just overlooked, maybe. I'm not conceding he had the prior conviction, because I actually have no idea. But it's not complicated or difficult for that to happen. So my question is that this not only occurred during the trial, this alleged admission, but it also took place during the sentencing hearing as well. I mean, that was also a factor in terms of his sentencing. So in terms of his, you know, that was the statement that, that supposedly, you know, he violated the order of protection. It's sentencing. The issue came up again, and it was never corrected. I mean, if it was just, you know, an inadvertent admission at trial, all right, but then the fact is, then it comes up again at sentencing. It's an element of the offense, though, so it has to be proved at trial. Well, my question is that it was never corrected. And at trial, right, there was no, there was no questions ever asked whether or not there was a certified copy of the conviction, right, for the violation of the order of protection. And then again, that same issue comes up at sentencing. So we have this occurring twice during these proceedings. Well, at sentencing, again, at sentencing the state said that he had been convicted of criminal trespass to residents. It didn't address at all that there had been a previous conviction for violating the order of protection. So that was a part of the judge's consideration when they sentenced him with regards to a felony of order of protection? Well, he was convicted of violating order of protection in this case. Right. No, I understand. Oh, you mean the prior one? Well, she didn't sentence him on that count. She sentenced him only, as the state pointed out in its brief that I missed somehow, that he was sentenced only for the burglary. So I don't know that he was actually sentenced. He wasn't sentenced. There's no conviction under really. So final judgment on the order, on the violation of order of protection. Right. Okay. All right. No other questions. Okay. All right. Let's proceed with the with the response. Mr. Wysocki. Good morning. May it please the court, counsel? Yeah. Let me say this to you at the beginning. Can you in your response, tell us what evidence there was of burglary here? Okay. Burglary consists of two elements. One, unauthorized entry into a dwelling and two, intent to commit a felony therein. Here it's undisputed, really, that those two elements were met in the sense of that the defendant had no authorization to enter Ms. Lewis's garage. So there's element one. And there's no dispute that entering was a violation of an order of protection. The dispute is whether there was sufficient evidence of the underlying conviction. We do have defendants admission that he pled guilty previously to a violation of order of protection. Guilty pleas lead to convictions. It was viewing the evidence in favor of the prosecution. It was reasonable for the trial court here to indeed conclude that defendant had been previously convicted of violation of an order of protection. Why a certified copy of that prior conviction wasn't entered, I don't know. That was a matter handled by the trial assistant. But what we do know is that we have an unequivocal admission, really, the question and answer went as follows. Question. An order of protection was entered against you. Is that fair to say? Answer. Yes, sir. Question. And that was on May 27 of 2016. Answer. May 27 of 2016 is when the May 27 of 2016 is when the temporary order had elapsed and I was in court on the 26th. Yes. And then I did plead guilty to a violation. He is clearly and unequivocally admitting to having pled guilty to a violation of a prior order of protection that that provides ample evidence for the trial court to make the very rational conclusion that conviction was entered on that. It is not necessary that a conviction be proved in any specific way. Every element of a crime may be proved by circumstantial evidence. And there's no exception to that. There's no exception for prior convictions. So that testimony, that admission, that evidence was sufficient to support the trial court's ultimate conclusion that, in fact, he entered with intent to commit a felony being a second violation of an order of protection. And on that basis, we ask that the burglary conviction be affirmed. Let me ask you this. Who testified that he was unauthorized to go into the garage? Both Ms. Lewis, Betty, his mother, and his sister, Ms. Suggs, both testified as to the contents of the order that it prohibited him from entering onto the property, into the dwelling, which would include the garage. And also, of course, the order itself explicitly gave Ms. Lewis sole and exclusive right to use the property. He was prohibited from entering into the dwelling by the order itself. Well, didn't he have the right to pick up his belongings? Well, he did, and there were arrangements made to that effect, but it was to be done under supervision of police, and there were three or four instances where they attempted to schedule that. But on August 4th, he did not have, and that was not one of the days where that had been planned out, and where he was, he did not come over during the, you know, early morning hours of August 4th, pursuant to agreement with Ms. Lewis to pick up his things. He was there, he was unauthorized to be on the property, to be in the property on the date and time that he was there. And by entering into the property, it violated the order of protection, which in this instance constituted a felony because of the prior conviction. Mr. Wasicki, where did I read that that plea was actually for a criminal trespass resident? Was that in the PSI? There is a reference to a criminal trespass to property in the PSI, but... And that was the same date, correct? Right, right. So, isn't it possible that the conviction was for a criminal trespass resident rather than the violation of the order? Well, it wasn't. There was a conviction for that, but it was not in the record. Okay, so all we have is the defendant's own testimony saying that he pled to a violation, even though the PSI says that it was something else? The PSI does not say anything about his testimony at trial. I understand that. The PSI says that the conviction was for criminal trespass to residents, and not a violation of an order of protection. So, the only thing that satisfies the element in this case of a prior violation of an order is the defendant's own testimony. Is that correct? His testimony stating that he violated an order of protection. Correct. That is what is the basis for the inference of a conviction. Okay, so now we can just infer that there was a conviction on a violation of an order of protection in order to satisfy an element of the state's case. Is that what you're proposing today? Absolutely. That is the law. The inference is sufficient for an element. Excuse me? I'm sorry. We can just infer that the defendant's testimony takes precedent over the record in the PSI. Yes, because the PSI is a post-trial document, and it does not purport to be exclusive or inclusive of each and every conviction that may be there. That is what that investigator came up with. Exactly, and that's why we require a certified copy of Conviction Counsel. Do you not see how important that would be, and how easy it is for the state to provide that? I see that it is easy, but I would respectfully disagree that it is required under the law. The law permits every and any element of a crime to be proved by circumstantial evidence. So while the ASA here certainly should have taken the very direct step of introducing a certified copy of the conviction, the fact is it wasn't done. That does not negate the validity of the inference of a conviction from the admission made by the defendant at trial of having violated and pled guilty to violation of an order of protection. So it's a-okay for us to upgrade him from a misdemeanor to a felony based on this inference? It was permissible and rational and permitted under the case law for the trial court in this case to infer a conviction sufficient to warrant a burglary conviction for the subsequent order violation, yes. Does that answer your question? Yes, thank you. All right, I have a question with regards to his admission. It was never really established, at least I didn't see it in the record, and maybe I might be wrong, but it was never really established what type of violation this was by his own testimony. Well, again, reading the testimony, I think it's clear that he's referring to a violation of the temporary order of protection. He says May 27th is when the temporary order had elapsed, and I'm reading right from page 130 of the record. And I was in court on the 26th, yes, and then I did plead guilty to a violation. What type of violation? That's the question. What type of violation? A violation of the- Let me just finish this, okay? So we know he pled guilty, saying he pled guilty, all right? But with regards to what type of violation? A violation of the temporary order of protection. I think his testimony is unequivocal that that's what he's referred to, and certainly it was rational and permissible for the trial court to construe that testimony as admitting having pled guilty to a violation of protective order. And I think, as a court of review, this court has to, or should, defer to the trial court's finding the court's inference drawn from that testimony, the trial court's. But we don't have a record as to what specifically the trial court found with regards to the violation. The trial court never said on the record, you know, this was this type of violation or that type of violation, right? So how are we supposed to defer from that? What type of violation? And I apologize for interrupting. That's all right. That's okay. The trial court's ruling is premised on the violation of the prior order of protection. It had to be. That's how the case was argued by the state's attorney, that the burglary was proven by showing unauthorized presence in the garage, and that that unauthorized presence was also a violation of the plenary order of protection entered on March 27th. In order for that violation to be a felony, thereby sustaining or permitting a burglary conviction, the court had to have found that a prior violation of an order of protection, and the evidence, the only evidence of a prior violation, goes to the violation of the temporary order based on the admission of the plea on May 26th of 2016. Does that make sense? I hope I made sense. It's just that, again, you know, you're asking us to assume what the trial court was basing its decision, his or her decision at the time, and we don't really know what the what type of violation it was. Okay, well, I think when we say assumption here, I think the context does give us a direct insight into where the trial court came down, what the trial court found. Remember, again, the case was argued that the violation of the plenary order constituted the felony sufficient to create a burglary. So in order for that, for that violation, the violation of the plenary order to constitute a felony, the court had to find that a prior violation of order of protection had occurred. So I don't think we have to assume at all. I think we know exactly what the trial court determined, what kind of violation the trial court determined occurred in this case, and that was a violation of that temporary order of protection. Okay, thank you. Any other questions? Thank you, Your Honor. Rebuttal. Thank you. Briefly, there's at no point throughout trial at all did the state argue that he previously had been convicted over an order of protection. The state argued, it read the part of the plenary order of protection out loud and said, this notified the defendant that a violation of it would be a class four felony, which is untrue. It didn't say that. It said it was a misdemeanor, a class A misdemeanor. And at no point at trial did anyone address the elements of whether he had been convicted of a prior violation of an order of protection. And technically, his testimony that I pled guilty to a violation, first of all, he may not recall what he pled guilty to, and it seems like what he pled guilty to was criminal trespass. And second, he didn't say he had been convicted, he said he pled guilty to a violation. There's no evidence that a conviction was actually entered on that copy. And certainly, circumstantial evidence is allowed, but there would have been direct evidence of the prior conviction. So there's no reason for the state to not have introduced into evidence the search by copy of conviction, if one exists. I think that is all I have, unless you have any other questions. Does anyone have any questions? No. Well, thank you very much for this very interesting case, and we will give you an order or a decision very shortly. The court will be now adjourned.